UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE FLORES,<br><br>    Plaintiff,<br><br>v.<br><br>MEDIATION SERVICES,<br><br>    Defendant. | Case No. 21-cv-09849-JSC<br><br>**SCREENING ORDER PURSUANT TO 28 U.S.C. § 1915**<br><br>Re: Dkt. No. 1 |

The Court previously granted Plaintiff's Application to Proceed in Forma Pauperis. (Dkt. No. 5.) It must now review the complaint's allegations under 28 U.S.C. § 1915. Because Plaintiff's claims do not comply with Federal Rule of Civil Procedure 8, the Court gives Plaintiff the opportunity to amend the complaint.

**COMPLAINT ALLEGATIONS**

Defendant "regularly operate[s] as [a] third-party debt collector[]." (Dkt. No. 1 ¶ 6.) On October 9, 2020, Defendant called Plaintiff and left the following pre-recorded voicemail message:

> Our offices are trying to get in touch with you in regards to a personal business matter. If you could please take the time to return our call, we would very much appreciate speaking with you directly. We can be reached at 833-506-0359. Our office is open from 9:00am to 5:00pm. Thank you.

(*Id.* ¶ 8.) Concerned, Plaintiff retained counsel. On November 2, 2021,[1] Plaintiff's counsel called Defendant at the phone number provided. "Defendants confirmed that they were attempting to collect a consumer debt from [Plaintiff]." (*Id.* ¶ 10.) Plaintiff's counsel informed Defendant that

---

[1] The Court notes that, based on the context, this date appears to be a typo for November 2, 2020.

Plaintiff was represented.

On December 16, 17, and 18, 2020, Defendant called Plaintiff and left the same pre-recorded voicemail.  On December 21, 2020, Defendant called Plaintiff twice and left the same pre-recorded voicemail.  Neither Plaintiff nor his counsel consented to Defendant communicating directly with Plaintiff.

Plaintiff brings claims for violations of the federal Fair Debt Collection Practices Act ("FDCPA") and California's Fair Debt Collection Practices Act ("Rosenthal Act").

## LEGAL STANDARD

A court must dismiss an *in forma pauperis* complaint before service of process if it is frivolous, fails to state a claim, or contains a complete defense to the action on its face.  28 U.S.C. § 1915(e)(2).  Section 1915(e)(2) parallels the language of Federal Rule of Civil Procedure 12(b)(6) regarding dismissals for failure to state a claim.  *See* 28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000).  The complaint therefore must allege facts that plausibly establish each defendant's liability.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A complaint must also comply with Federal Rule of Civil Procedure 8, which requires the complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Moss v. Infinity Ins. Co*., No. 15-CV-03456-JSC, 2015 WL 5360294, at *2 (N.D. Cal. Sept. 14, 2015).  "While the federal rules require brevity in pleading, a complaint nevertheless must be sufficient to give the defendants 'fair notice' of the claim and the 'grounds upon which it rests.'" *Coleman v. Beard*, No. 14-CV-05508-YGR (PR), 2015 WL 395662, at *4 (N.D. Cal. Jan. 29, 2015) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).  A complaint that fails to state a defendant's specific acts "that violated the plaintiff's rights fails to meet the notice requirements of Rule 8(a)." *Medina Chiprez v. Becerra*, No. 20-CV-00307-YGR (PR), 2020 WL 4284825, at *3 (N.D. Cal. July 27, 2020) (citing *Hutchinson v. United States*, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982)).

## DISCUSSION

**I.     FDCPA**

The FDCPA regulates "debt collectors." 15 U.S.C. § 1692a(6). A debt collector "include[s]: (1) any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, and (2) any person who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." *Schlegel v. Wells Fargo Bank, NA*, 720 F.3d 1204, 1208 (9th Cir. 2013) (cleaned up). To state a claim for a violation of the FDCPA by a debt collector, a "complaint must plead factual content that allows the court to draw the reasonable inference that [defendant] is a debt collector." *Id.* (cleaned up).

Counts one, two, three, and four of Plaintiff's complaint allege violations of FDCPA provisions that "apply only to debt collectors." *Id.* (cleaned up); *see* 15 U.S.C. §§ 1692d(6), 1692e(11), 1692g(a), 1692c(a)(2). As to whether Defendant is a debt collector, the complaint alleges only that Defendant "regularly operate[s] as [a] third-party debt collector[]," is a "'debt collector[]' as defined by 15 U.S.C. 1692a," and "confirmed that they were attempting to collect a consumer debt from [Plaintiff]." (Dkt. No. 1 ¶¶ 6, 10.) The former two are conclusory statements, and the latter is a factual allegation that is insufficient to support a plausible inference that Defendant meets either definition of a debt collector. Plaintiff's complaint "fails to provide any factual basis from which we could plausibly infer that the principal purpose of [Defendant's] business is debt collection." *Schlegel*, 720 F.3d at 1209; *see McAdory v. M.N.S. & Assocs., LLC*, 952 F.3d 1089, 1097 (9th Cir. 2020) ("The complaint alleged that [defendant] lacks any other business purpose besides debt collection. These allegations are sufficient to allege that [defendant] is a debt collector" under the "principal purpose prong."). Nor does the complaint make "factual allegations from which we could plausibly infer that [Defendant] regularly collects debts owed to someone other than [Defendant]." *Schlegel*, 720 F.3d at 1209. As such, the complaint does not allege facts that plausibly support an inference that Defendant is a debt collector under either definition.

Accordingly, Plaintiff's claims under the FDCPA do not comply with Rule 8.

3

## II. Rosenthal Act

The Rosenthal Act defines "debt collector" as "any person who, in the ordinary course of business, regularly, on behalf of that person or others, engages in debt collection," including "any person who composes and sells, or offers to compose and sell, forms, letters, and other collection media used or intended to be used for debt collection."  Cal. Civ. Code § 1788.2(c).

Plaintiff's fifth count alleges a violation of Cal. Civ. Code § 1788.11(b), which applies to debt collectors.  While the relevant definition is "broader and more inclusive than the FDCPA's," *Austria v. Alorica, Inc.*, No. 2:20-cv-05019-ODW (PVCx), 2021 WL 5968404, at *6 (C.D. Cal. Dec. 16, 2021), for the reasons explained above Plaintiff's complaint does not allege facts sufficient to plausibly support an inference that Defendant meets the definition.

Accordingly, Plaintiff's claim under the Rosenthal Act does not comply with Rule 8.

## CONCLUSION

For the reasons explained above, the complaint as pleaded does not comply with Rule 8. Plaintiff may file an amended complaint on or before **February 21, 2022**.  The amended complaint must be complete in itself because it replaces the previously filed complaints.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Failure to file an amended complaint that cures the above-identified deficiencies could lead to a report and recommendation that the complaint be dismissed.

**IT IS SO ORDERED.**

Dated: January 19, 2022

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

4